Dear Ms. Livingston:
You have requested our advice relative to your office's interpretation of statutes pertaining to municipal fire and police civil service law. We respond to your questions in the chronological order presented.
 1. It is your interpretation of R.S. 33:2476 (B)(2)(a) and 33:2536 (B)(2)(a) as amended by Act 454 of the 1999 Regular Legislative Session that the employee-elected member of the civil service board from the police service may be appointed to the board only if that employee holds a position in the classified service lower than that of Police Major.
The cited statutes have identical language and provide in pertinent part:
 (2)(a) Any employee, while serving as a member of a board, shall occupy, as a regular employee, a position or office lower than that of chief, assistant chief, district chief, or battalion chief in the fire service, or a position or office lower than that of chief, assistant chief, or major in the police service. See R.S. 33:2476 (B)(2)(a).
 * * * * *
 (2)(a) Any employee, while serving as a member of a board, shall occupy, as a regular employee, a position or office lower than that of chief, assistant chief, district chief, or battalion chief in the fire service, or a position or office lower than that of chief, assistant chief, or major in the police service. See R.S. 33:2536 (B)(2)(a).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 2. It is your interpretation of R.S. 33:2536 (M) as amended by Act 455 of the 1999 Regular Legislative Session that the presence of two members of a three-member civil service board constitutes a quorum for official business of the board, and the presence of four members of a five-member board constitutes a quorum for jurisdictions falling under the provisions of R.S. 33:2531, et seq. The concurring votes of a simple majority are sufficient for the decisions of the board. Therefore, two concurring votes on three-member boards are required at all times, whereas the concurring votes of three members present on a five-member board are required.
R.S. 33:2536 (M) provides, pertinently:
 M. The board shall meet at any time after its original meeting upon the call of the chairman, who shall give all members of the board due notice thereof The chairman of the board shall call, and the members of the board shall attend, one regular meeting of the board within each quarterly period of each calendar year. If a chairman fails or refuses to call such quarterly meeting of his board, the members of the board shall meet upon the written call of any two members mailed ten days in advance of the meeting. Two members of a three-member board and four members of a five-member board shall constitute a quorum. and the concurring votes of a simple majority of members shall be sufficient for the decision of all matters to be decided or transacted by it. Meetings of the board shall be open to the public. (Emphasis added).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 3. It is your interpretation of R.S. 33:2479 and R.S. 33:2539 that civil service boards may no longer require the State Examiner to act as board secretary.
Former 33:2479 (G)(5) and former R.S. 33:2539 (5) both required the state examiner to "act as secretary of any said board requesting such service".
Pursuant to Act 456 of the 1999 Regular Legislative Session, the legislature deleted this requirement, as indicated in the preamble of the Act, providing:
 AN ACT to amend and reenact and as amended to arrange in proper statutory form and incorporate into the statutes the provisions of Article XIV, Section 15.1 (9)(j) of the Constitution of 1921, continued as statute by Article X, Section 18 of the Constitution of 1974, by amending and reenacting R.S. 33:2479 (G) and to amend and reenact R.S. 33:2539, relative to fire and police civil service; to remove requirements that the state examiner act as secretary for civil service boards when requested; and to provide for related matters. (Emphasis added).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 4. It is your interpretation of R.S. 33:2501 and R.S. 33:2561 that both statutes require any person serving on the civil service board to recuse him/herself from voting on decisions relative to an appeal for disciplinary actions taken by the appointing authority against a classified employee where the employee is an immediate family member of the board member, defined as parent, child, sibling, or spouse.
 It is also your interpretation of R.S. 33:2561 that the statute mandates any person serving on the civil service board who is a supervisor or direct work associate of the person appealing disciplinary action, or who is directly involved in the incident, must recuse him/herself from voting on decisions relative to the appeal.
 Furthermore, it is your interpretation of R.S. 33:2561 that appeals may be made to the district court following the decision of the board, where a board member should have or failed to recuse him/herself under the provisions of R.S. 33:2561 (D).
R.S. 33:2501 and R.S. 33:2561 provide, pertinently:
 D. Notwithstanding the provisions of this Section or any other provision of law to the contrary, any member of the board who is the immediate supervisor or direct work associate of any officer or employee appealing removal, suspension, demotion, discharge, or any other disciplinary action by the appointing authority and who is directly involved in the incident out of which such action arose shall recuse himself from voting on any decision by the board to affirm, reverse, or modify the order of the appointing authority. Also, any immediate family member of the appealing employee shall recuse himself from voting on any such decision. For purposes of this Subsection, immediate family member shall mean any parent, child, sibling, or spouse. If such recusal by a member of the board results in the inability of the board to make a finding of fact or to reach a decision by the concurring votes of three members, as required by R.S. 33:2476 (M), the board shall be considered to have affirmed the action of the appointing authority.
 E. (1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled. (Emphasis added); see R.S. 33:2501 (D) and (E).
 * * * * *
 D. Notwithstanding the provisions of this Section or any other provision of law to the contrary, any member of the board who is the immediate supervisor or direct work associate of any officer or employee appealing removal, suspension, demotion, discharge, or any other disciplinary action by the appointing authority and who is directly involved in the incident out of which such action arose shall recuse himself from voting on any decision by the board to affirm, reverse, or modify the order of the appointing authority. Also, any immediate family member of the appealing employee shall recuse himself from voting on any such decision. For purposes of this Subsection, immediate family member shall mean any parent, child, sibling, or spouse. If such recusal by a member of the board results in the inability of the board to make a finding of fact or to reach a decision by the concurring votes of three members, as required by R.S. 33:2536 (M), the board shall be considered to have affirmed the action of the appointing authority.
 E. Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of appeal stating the grounds thereof and demanding that a certified transcript of the record or written findings of fact and all papers on file in the office of the board affecting or relating to such decisions be filed with the designated court. The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court thereupon shall proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part or to whether a board member should have or failed to recuse himself in accordance with Subsection D of this Section. No appeal to the court shall be taken except upon these grounds. (Emphasis added); see R.S. 33:2561 (D) and (E).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 5. It is your interpretation of the law that, where the appointing authority is extending an offer of employment to candidates from the entry-level employment list, that preference shall be given to Louisiana residents; however, the appointing authority still retains the discretion to appoint anyone whom he deems most qualified on the competitive list, regardless of residence.
Statutes as amended by Act 1092 of the 1999 Regular Legislative Session pertinent to this question are R.S. 33:2553, R.S. 33:2494, and R.S. 33:2554 providing in pertinent part:
 (2) Admissions to competitive tests shall be open to all persons who meet the requirements provided by this Part and the rules of the board.
 (3) (a) Any applicant admitted to a test shall be a citizen of the United States of America, and if of legal age, shall be a qualified elector of the state of Louisiana except as otherwise provided by this Paragraph.
 (b) No applicant for entry-level employment in the classified fire or police service shall be required to be a qualified elector of the state in order to be admitted to a competitive employment test. (Emphasis added); see R.S. 33:2553.
 * * * * *
 D. Certification and appointment from the competitive list shall be limited to those conditions and classifications for which the competitive test may be given as provided by Subsection E of R.S. 33:2492. Upon the appointing authority's request for the certification of eligible persons from which he may fill a vacancy, and if the competitive list is the appropriate list from which the names of eligible persons shall be certified, the board shall certify the names of the persons upon that list, in the order in which they appear thereon, for the class in which the vacancy is to be filled. The appointing authority shall select and appoint to the first vacancy to be filled, any one of the persons so certified to him for the vacancy. In making such appointment to entry-level positions, the appointing authority shall give a preference to Louisiana residents. If any one or more persons so certified should refuse the appointment, the appointing authority shall then select and appoint any one of the remaining persons certified by the board. This procedure shall be followed until the position has been filled by appointment of one of the persons certified from the list and willing to accept the appointment, or until each person whose name appears upon the list has in this manner been certified for the vacancy. (Emphasis added); see R.S. 33:2494 (D).
 * * * * *
 D. Certification and appointment from the competitive list shall be limited to those conditions and classifications for which the competitive test may be given as provided by Subsection E of R.S. 33:2552 (5). Upon the appointing authority's request for the certification of eligible persons from which he may fill a vacancy, and if the competitive list is the appropriate list from which the names of eligible persons shall be certified, the board shall certify the names of the persons upon that list, in the order in which they appear thereon, for the class in which the vacancy is to be filled. The appointing authority shall select and appoint to the first vacancy to be filled, any one of the persons so certified to him for the vacancy. In making such appointment to entry-level positions, the appointing authority shall give a preference to Louisiana residents. If any one or more persons so certified should refuse the appointment, the appointing authority shall then select and appoint any one of the remaining persons certified by the board. This procedure shall be followed until the position has been filled by appointment of one of the persons certified from the list and willing to accept the appointment, or until each person whose name appears upon the list has in this manner been certified for the vacancy. (Emphasis added); see R.S. 33:2554 (D).
In support of your position is the legal theory that an absolute preference in hiring residents over nonresidents who have demonstrated more qualifications constitutes a legislation classification subject to constitutional challenge based upon state and federal equal protection clauses which prohibit the state or any governmental entity from arbitrarily discriminating against any class of individuals in employment decisions. See Lucchesi vs. City of SanJose; 104 Cal.App.3d 323 (App. Cal 1980); see also the case of Dyervs. North Dakota Department of Human Services, 498 N.W.2d 160 (N.D. 1993), dealing with veterans' preference in hiring by state agencies, wherein the court stated such preference is not an absolute entitlement to employment; rather, a merit system agency has the discretion to hire the best applicants where a justifiable cause exists for selecting a non-veteran.
Our research further reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 6. The State Examiner's Office appreciates Act 1093 to provide that whenever the appointing authority proposes to fill a vacancy in the classified service, the certified list of eligible persons remains valid until such time that the board must certify another list.
Our review of Act 1093 of the 1999 Regular Legislative Session reflects that the Act amended R.S. 33:2494 and R.S. 33:2554 to remove the thirty-day time limitation on the validity of certification of eligibility lists by the civil service board. The time limitation thus removed, the list remains viable until such time that the board must certify another list.
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 7. It is your interpretation of R.S. 33:2495 (B)(2) and R.S. 33:2555 (B)(2) as amended by Act 1139 of the 1999 Regular Legislative Session that the law now supports the following legal conclusions:
 • Any person appointed from the competitive entrance Firefighter, Firefigher/Operator, or Police Officer employment list who, prior to his/her appointment, has obtained Firefighter I certification or Police Officer Standards and Training (P.O.S.T.) certification for his/her respective fire or police service shall immediately begin his/her working test;
 • Any employee appointed from the competitive entrance Firefighter, Firefighter/Operator, or Police Officer employment list who has not obtained Firefighter I certification or P.O.S.T. certification shall be reported as a recruit to the civil service board by the appointing authority within fifteen days of his/her appointment, and shall immediately begin the formal training period;
 • The formal training period is for the period of not more than six months, which shall begin immediately upon appointment of the recruit from the competitive entrance Firefighter, Firefighter/Operator, on Police Officer employment list. The formal training shall be provided for through the Appointing Authority.
 • The formal training period begins immediately upon appointment from the Firefighter, Firefighter/Operator, or Police Officer employment list and shall continue from the date of original appointment, concluding six months from the date of appointment or earlier upon successful completion of formal training;
 • Successful completion of formal training is defined as the attainment of Firefighter I certification for persons appointed from Firefighter or Firefighter/Operator employment lists, and Police Officer Standards and Training (P.O.S.T.) certification for persons appointed from the Police Officer employment lists;
 • Any recruit who has successfully completed formal training during the six-month formal training period, and has obtained Firefighter 1 or P.O.S.T. certification, as required for the respective service, shall immediately begin his/her working test as a probational employee. The appointing authority must report the probational appointment to the civil service board within fifteen days of the action;
 • At the conclusion of the six-month formal training period, if the recruit has not demonstrated successful completion of formal training he or she shall immediately begin the working test period, if not separated from service.
Your conclusions are based on the language of Act 1139 of the 1999 Regular Legislative Session which amended R.S. 33:2495 (B)(2) and R.S. 33:2555 (B)(2) pertaining to "working tests" to pertinently reflect the following language, identical in both statutes:
 B. (2)(a) Each person selected for appointment to an entry level position in the classified service from the competitive firefighter, firefighter/operator, or police officer employment list who has demonstrated successful completion of formal training as provided in Subparagraph (c) of this Paragraph prior to such appointment shall immediately begin the working test.
 (b)(i) Any person selected for appointment to an entry level position in the classified service from the competitive firefighter, firefighter/operator, or police officer employment list who has not demonstrated successful completion of formal training as provided in Subparagraph (c) of this Paragraph prior to such appointment shall be employed by the appointing authority and reported to the board as a recruit and, whenever practical or possible, shall immediately begin such formal training. The formal training shall be provided for through the appointing authority, and the period for such formal training shall be for the duration of not more than six months from the date of appointment. The formal training period shall conclude six months from the date of original appointment or upon the successful completion of the formal training, whichever occurs first, at which time the working test shall commence. The appointing authority shall, within fifteen days, advise the board of the appointment of the recruit as a probational firefighter, probational firefighter/operator, or probational police officer as the case may be.
 (ii) Nothing in the Paragraph shall be construed to require that a newly appointed firefighter, firefighter/operator, or police officer be terminated should he fail to enroll in or complete formal training within the six-month formal training period.
 (c)(i) Successful completion of formal training as required by this Paragraph for a position in the classification of firefighter or firefighter/operator shall be demonstrated by certification as Firefighter I in accordance with National Fire Protection Association Standard 1001.
 (ii) Successful completion of formal training as required by this Paragraph for a position in the classification of policed officer shall be demonstrated by certification from a peace officer standards and training accredited training program as provided by R.S. 40:2405 (A).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 8. It is the understanding of the State Examiner's Office that the authority of the civil service board under the provisions of R.S. 33:2586 is limited only to the establishment of an incentive pay plan, and does not extend to determining the amount of pay which is to be awarded, or to which employees it is to be awarded.
 However, the civil service board may grant a hearing and investigation into such matters in which a classified employee feels he/she has been discriminated against in the application of the pay plan.
Act 1165 of the 1999 Regular Legislative Session amends R.S. 33:2586
to provide the following:
 The fire and police civil service board of any municipality with a population of less than four hundred seventy-five thousand, and the civil service board of any municipality, parish, or fire protection district with a classified fire and police civil service system established as provided in R.S. 33:2471 or 2531 may establish a plan for awarding incentive pay to classified employees. The plan shall include the criteria for eligibility for incentive pay, the method by which classified employees shall be reviewed for eligibility, and how such eligibility shall be determined. Determination of the amount of incentive pay and which classified employees are to receive incentive pay shall be made by the appointing authority for the municipality. parish, or fire protection district subject o available funds budgeted for such purpose. The incentive pay awarded under the provisions of this Section shall be in addition to any other salary the classified employee is entitled to receive from the municipality, the state, or any other governmental entity. (Emphasis added).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 9. It is your interpretation of current law that the appointing authority may expand or contract the number of positions within classifications as departmental needs warrant; however, where there is a bona fide vacancy in a classified position, the appointing authority shall, within sixty days, fill the vacancy in accordance with the provisions of R.S. 33:2494.
Act 1174 of the 1999 Regular Legislative Session enacted R.S. 33:2494
(G) to provide the following:
 F. The appointing authority shall fill each vacancy, including vacancies in classifications hereafter created, within sixty days after the occurrence of the vacancy. This Subsection shall not prevent the board from abolishing unnecessary classifications.
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 10. It is your interpretation of R.S. 33:2476 and R.S. 33:2536 as amended by Act 1177 of the 1999 Regular Legislative Session that the law provides the following:
 • in order to appoint a civil service board member from a list of nominees provided by the executive head of a four-year institution of higher education, the governing authority must request a list of nominees by certified letter;
 • The request must be made of the executive head of a four-year institution of higher education which is located within the governing authority's jurisdiction, or, where none is located in the jurisdiction, from such an institution which is closest in proximity to the governing authority's jurisdiction;
 • The list of nominees must be received from the executive head of the institution of higher education within sixty days of the request by the governing authority;
 • In the event that a list of nominees is not provided within the sixty-day period, the district attorney for the parish in which the institution of higher education is located shall provoke the issuance of a writ of mandamus in order to compel the executive head of the institution to provide the list.
The foregoing stated conclusions reflect your interpretation of Act1177 of the 1999 Regular Legislative Session which amended and reenacted R.S. 33:2476 (C)(2) and R.S. 33:2436 (C)(2) to provide the following:
 2476 Municipal fire and police civil service boards
 * * * * * * * * * * *
 C. The first five members of a board shall be appointed by the governing body of the municipality during the ninety-day period immediately following the date that this Part takes effect in a municipality under R.S. 33:2471. The members of the board shall be appointed by the governing body as follows:
 * * * * * * * * * * *
 (2) Two members shall be appointed from a list of four nominees that shall be furnished, within sixty days after the governing authority makes a request by certified letter for such list, by the executive head of a legally chartered and established four-year institution of higher education located within the municipality; or, if there is no such institution in the municipality, by the executive head of such an institution which is within the state and which is the most geographically proximate to the municipality. However, if only two such four-year institutions of higher education are located within the municipality, the head of each of the two institutions shall furnish a list of two nominees and one member shall be appointed from each such list. If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for the parish in which the institution is located shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law. See R.S. 33:2476 (C) (2).
 * * * * * * * * * * *
 2536 Fire and police civil service boards
 * * * * * * * * * * *
 The first five members of a board shall be appointed by the governing body of the municipality, parish, or fire protection district, as the case may be, during the ninety-day period immediately following the date that this Part takes effect in a municipality, parish, or fire protection district under R.S. 33:2531. The members of the board shall be appointed by the governing body as follows:
 (2) Two members shall be appointed from a list of four nominees which shall be furnished, within sixty days after the governing authority makes a request by certified letter for such list, by the executive head of a regularly chartered and established four-year institution of higher education located within the area served; or, if there is no such institution in the area served, by the executive head of such an institution which is within the state and which is the most geographically proximate to the area served. If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for the parish in which the institution is located shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law. See R.S. 33:2436 (C)(2).
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 11. The conclusions regarding your interpretation of Act 1190 of the 1999 Regular Legislative Session enacting R.S. 33:2476.1 relative to the Shreveport Municipal Fire and Police Civil Service Board are stated as follow:
 • The terms of office for the current members of the Shreveport Municipal Fire and Police Civil Service Board shall expire effective August 15, 1999; however, current members may continue to serve until their successors have been appointed;
 • After December 31, 2001, the provisions of Act 1190 will become null and void, and the terms of office for the members of the Shreveport Municipal Fire and Police Civil Service board will expire. Unless another statute is enacted which will continue the provisions of Act 1190, or otherwise amend Louisiana R.S. 33:2476, the members of the Shreveport Municipal Fire and Police Civil Service Board will be appointed in the manner provided under R.S. 33:2476 as currently written;
 • Effective August 15, 1999, the Shreveport Municipal Fire and Police Civil Service Board will consist of nine members whose appointments will be made as follows:
 One appointment upon the governing authority's own nomination;
 Two appointments from a list of four nominees submitted by the chancellor of Louisiana State University at Shreveport;
 Two appointments from a list of four nominees submitted by the chancellor of Southern University at Shreveport;
 Two appointments from an election by secret ballot of the regular employees of the police department;
 Two appointments from an election by secret ballot of the regular employees of the fire department.
 • The chancellors of Louisiana State University and Southern University must each submit a list of four nominees to the governing authority within sixty days of the request for such list, made by certified letter. If the list of nominees is not submitted within the sixty-day period, the district attorney for Caddo Parish shall be required to seek a court order compelling the chancellor of the university to submit the list of four nominees.
 • Each regular member of the classified service shall be given two votes in the election of the employee-members of the Shreveport Municipal Fire and Police Civil Service Board, and may choose to cast his/her vote for either of two nominees, or cast both votes for only one nominee. The members-elect are decided by the greatest number of votes cast in their favor, which may not necessarily be a majority of the total votes;
 • Where it may be necessary that a special election is to be called in order to fill an unexpired term of an employee-member who has vacated his/her position on the board, regular members of the respective fire or police classified service may cast only one vote.
Act 1190 of the 1999 Regular Legislative Session enacted R.S. 2476.1 to provide the following:
 Shreveport fire and police civil service board
 a. Notwithstanding the provision of R.S. 33:2476, the members of the Shreveport municipal fire and police civil service board shall be appointed by the governing authority of the municipality as follows:
 (1) One shall be appointed by the governing authority upon its own nomination.
 (2) Two members shall be appointed from a list of nominees submitted by the chancellor of Louisiana State University at Shreveport and two shall be appointed from a list of nominees submitted by the chancellor of southern University at Shreveport. Each chancellor shall submit two nominations for each position which is to be filled. Such nominations shall be made within sixty days of request, made by certified letter, for such list. If a list of nominations is not submitted within sixty days after submission of request for such list, such failure shall be considered a failure to perform a ministerial duty required by law of a public official or corporate officer. To this end, the district attorney for Caddo parish shall provoke the issuance of a writ of mandamus to compel the official or officer to act as provided by law.
 (3) In an effort to ensure that the board is sensitive to concerns of all of the citizens of the municipality, the governing authority shall make appointments pursuant to Paragraphs (1) and (2) of this Subsection so as to provide that membership on the board will reflect the ethnic and cultural diversity of the population of the municipality.
 (4) The governing authority shall appoint four members who have been nominated and elected by and from the regular employees of the fire and police departments as follows:
 (a) Two members shall be elected and appointed from the fire department, two members shall be elected and appoint from the police department. The employee-nominees from each department shall be elected by secret ballot of the regular employees of their respective department at an election to be called and held for that purpose by the chief of the department. In such an election, each voting employee shall cast two votes and may distribute them among candidates in any manner the voter chooses, including casting both votes for a single candidate. The two candidates receiving the most votes shall be elected.
 (b) The chief of each department shall call such an election within forty-five days after the effective date of this paragraph by posting, for a fifteen-day continuous period immediately preceding the election, a notice thereof on the bulletin board of each station house of his department The chief shall officially notify the governing g authority of the municipality, within the teen-day period immediately following the election, of the names of the employee-nominees so elected.
 (c) The chief of the department shall vote in the election only in the case of a tie vote.
 B. The terms of members appointed pursuant to Subsection A of this Section shall be three years except that the initial terms of such members shall be as follows: the member appointed on the governing authority's own nomination shall serve three years; the members appointed from nominees submitted by the executive head of a college or university shall serve two years; and the employee members shall serve one years.
 C. Any single vacancy in an employee-member position on the Shreveport board which occurs prior to the expiration of a term shall be filled by election-nomination and appointment as provided in Paragraph A(4) of this Section except that each voting employee shall cast a single vote.
 D. In Shreveport, five members of the board shall constitute a quorum, and the concurring votes of a majority of those present and voting, a quorum being present, shall be sufficient for the decision of all matters to be decided or transacted by it.
 Section 2. On the effective date of this Act, the terms of all members of the municipal fire and police civil service board in Shreveport shall expire and their successors shall be appointed in accordance with the provisions of this Act. The members whose terms expire on the effective date of this Act shall serve until their successors have been appointed.
 Section 3. This Act shall be effective until December 31, 2001, and shall be null and void thereafter. On such date, the terms of all members of the municipal fire and police civil service board in Shreveport shall expire and their successors shall be appointed in accordance with the provisions of law in effect at that time. Members shall serve until their successors have been appointed.
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
 12. Act 1217 of the 1999 Regular Legislative Session repealed R.S. 33:2556 (1)(d) which formerly provided:
 Notwithstanding any other provision of this Section, any person who in fact has held a provisional appointment continuously for three years, shall be deemed to have acquired permanent status in the class wherein he has held such provisional appointment, notwithstanding a failure to take or pass any test.
It is the interpretation of your office that, in accordance with R.S.33:2556, temporary appointments in the classified service may be made to positions; however, in no event may an appointee to a temporary appointment acquire permanent status in the class to which he has been temporarily appointed.
Our research reflects no jurisprudence or released opinions from this office which would conflict with your interpretation of current state law.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams